IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MARK D. DEMPSEY,   )
                   )
    Plaintiff,     )
                   )
v.                 )   Case No. CV 98-TMP-2265-NE
                   )
STATE OF ALABAMA DEPARTMENT )
OF CORRECTIONS, *et al.*,   )
                   )
    Defendant.     )

**MEMORANDUM OPINION REGARDING MOTION FOR REINSTATEMENT
AND OTHER EQUITABLE RELIEF**

This matter is before the court on plaintiff's motion for reinstatement and other equitable relief filed April 20, 2001, following the jury trial of this matter in which the jury found that the plaintiff was subjected to a sexually hostile environment at his workplace, the Limestone Correctional Facility, in violation of Title VII and 42 U.S.C. § 1983, and that the plaintiff was constructively discharged from his position as a corrections officer. In response to the plaintiff's motion, the defendants filed a response. The plaintiff filed a reply, and the court held a hearing on the motion on May 29, 2001. Plaintiff filed a chart showing front pay to which plaintiff asserts he may be entitled, and filed a substituted chart, with revised totals, on May 31,

2001. The defendants have not objected to the plaintiff's front pay calculations.

Having reviewed the pleadings and having heard oral argument from both parties, the court has determined that the motion for reinstatement is due to be denied and that the motion for other equitable relief is due to be denied in part and granted in part. The plaintiff seeks reinstatement as a Corrections Officer I, with pay, tenure, and benefits restored, and placement at a different DOC facility in the Decatur, Alabama, area. The court finds this motion is due to be denied. The court is not inclined to dictate to the DOC where they may or may not place the plaintiff.

In any event, the court notes that the severity of the harassment complained of, coupled with the fact that the employees found liable for the harassment still are employed in supervisory positions at the DOC, create a risk that reinstatement would result in a dangerous situation. There has been no evidence that the defendants and the plaintiff will be able to set aside past differences and work together. In fact, some of the conduct complained of has occurred after the plaintiff left the employment of the DOC. Additionally, plaintiff's counsel has asserted that hostilities, resentments, and anger arising from this lawsuit continue to create a stressful atmosphere at Limestone.

Consequently, the court finds that placing the plaintiff back into any position with the DOC, where there remains an environment of animosity, is unworkable.  The nature of the corrections officers' jobs requires trust and cooperation.  A lack of those qualities creates a danger to the officers themselves, and to the inmates.  Accordingly, the motion for reinstatement is hereby DENIED and, in lieu of reinstatement, the defendant DOC is hereby DIRECTED to pay to the plaintiff $39,947.93 in front pay.

Plaintiff further seeks to enjoin the DOC, Jim Ed Gates, and David Wise from continuing to violate Title VII by creating or maintaining a hostile work environment.  The plaintiff argues not only that the injunction should issue if he is reinstated, but also that the injunction is proper to prevent harassing conduct that may be directed toward other employees, especially two of the witnesses who testified at trial on behalf of the plaintiff.  The court finds that in the absence of plaintiff's reinstatement, such injunctive relief against the DOC and Wise would not serve to benefit the plaintiff personally, and therefore would not be appropriate.  See, e.g., Carmichael v. Birmingham Saw Works, 738 F. 2d 1126, 1136 (11th Cir. 1984)(holding that injunctive relief is inappropriate where the plaintiff would not "benefit personally" from the relief

requested.) Accordingly, the plaintiff's motion to enjoin the DOC and Wise is DENIED.

The plaintiff's claim for injunctive relief directed toward Gates, however, is another matter. The evidence at trial indicated that Gates continued to take actions against the plaintiff even after the plaintiff left the employment of the DOC. Testimony indicated that Gates sought to harm the plaintiff's reputation with a subsequent employer and attempted to discourage other potential employers from hiring the plaintiff. Based on the evidence presented at trial, the court finds that the motion for injunctive relief as to Gates is due to be and is hereby GRANTED, and by separate order Gates will be enjoined from any further harassment or retaliation against the plaintiff.

Dated the __13th__ day of June, 2001.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE